**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 18, 2021

**VIA ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  **Re:**   *United States v. Kevin Dion Rolle, Jr.*, **20 Cr. 594 (AJN)**

Dear Judge Nathan:

  The Government respectfully submits this letter motion in support of detention on the ground that the defendant Kevin Dion Rolle, Jr. ("Rolle" or "defendant"), poses an extreme risk of flight, and there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required. *See* 18 U.S.C. § 3142(e)(1).

  On October 30, 2020, Rolle was ordered detained at an initial appearance pursuant to Federal Rule of Criminal Procedure ("Rule") 5(c)(3) before United States Magistrate Judge Marshal D. Morgan in the District of Puerto Rico following a determination that the court had not seen "a more perfect case that demonstrates substantial risk of flight than this one." (*See* October 30, 2020 5(c)(3) Presentment Transcript, D. P.R. (MDM), attached hereto as Ex. A at 31:5-7.) Since that determination, additional facts have been discovered that weigh even more heavily in favor of Rolle's continued detention. Specifically, as outlined below, the facts demonstrate that Rolle has provided numerous inconsistent statements to U.S. authorities in an effort to present any story that best suits his present circumstances. Were they to be seriously entertained, Rolle's pattern of inconsistent statements would leave even the most basic facts about the defendant, including his name, residence, legal status, and family status, unknowable. His claims about his identity, history, and intention to return to Court to face the present charges should be rejected out of hand. Under these circumstances, combined with the nature of the offense, Rolle should continue to be detained.

I.   **Background**

  **A. The Charged Offenses**

  On October 28, 2020, Rolle, a Bahamian citizen, was arrested at the airport in San Juan, Puerto Rico, approximately two weeks after returning from a multi-week international trip in or around  September 2020, based on a complaint charging Rolle with one count of wire fraud, in

violation of 18 U.S.C. § 1343; one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A; and one count of passport forgery, in violation of 18 U.S.C. § 1543 (the "Complaint").  (Dkt. 1, and attached hereto as Ex. B.)  As detailed further in the Complaint, since at least 2015 until the time of Rolle's arrest on October 28, 2020, Rolle participated in what is known by various credit card companies as a "bust-out" scheme whereby the credit card user applies for a credit card and incurs numerous charges with no intention of paying the balance.  As part of this credit card fraud scheme, Rolle submitted credit card applications and supporting documents to a financial institution (the "Financial Institution"), which often contained false information.  (Ex. B ¶ 7.)  After the Financial Institution issued a credit card in response to the application, Rolle used the credit card for a short period of time and incurred numerous charges that were left unpaid.  (*Id.*)  In connection with this credit card fraud scheme, Rolle often utilized various individuals' personal identifying information ("PII"), including among other things, passports of various nations and other identification documents.  (*Id.* ¶¶ 7, 10.)  To date, Rolle's credit card scheme has resulted in an estimated loss amount, since at least 2015, in excess of $1.2 million.  (*Id.* ¶ 7.)

### B.  October 30, 2020 Bail Hearing and Determination

On October 30, 2020, Judge Morgan ordered Rolle detained pending further proceedings based on risk of flight.  At Rolle's initial appearance, and in opposition to the Government's detention application, Rolle asserted, among other things, that he was:  (1) a U.S. citizen, residing in New York; (2) only in possession of a Bahamian passport; (3) a single father of four children—triplets, who are four years old, and a fourth child, who is three years old; (4) a widower after his wife, Elena Cavendish, died in a car accident in January 20, 2020, and (5) suffering from several medical ailments, including ███████████████████████████████████████████████████.[1]  (Ex. A at 12-13, 17, 26.)  In opposition, the Government stated that Rolle was not a U.S. citizen or a legal permanent resident ("LPR"); failed to list any children in recent immigration filings; had recently traveled multiple weeks abroad despite the self-asserted medical ailments; lacked verifiable ties to New York; and based on the evidence cited in the Complaint, had access to multiple passports.  (*Id.* 19-24.)  After hearing from both parties, Judge Morgan found that detention was necessary to ensure Rolle's appearance based on the grounds that Rolle, who did not have any verifiable legal status in the United States, made numerous inconsistent statements to the Puerto Rico Pretrial Services Officer and appeared to have access to multiple foreign passports.  (Ex. A at 31-32.)

### C.  Indictment

On November 5, 2020, a federal grand jury sitting in the Southern District of New York returned an indictment charging Rolle with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2 (the "Indictment").

---

[1] An unredacted copy of this letter motion will be provided to the Court and defense counsel.

**D.  January 14, 2021 Southern District of New York Presentment and Arraignment**

On January 13, 2021, Rolle was transferred from the District of Puerto Rico by the United States Marshals Service ("USMS") to this District.  On January 14, 2021, Rolle was presented and arraigned on the Indictment before the Honorable Ona T. Wang, Magistrate Judge for the Southern District of New York.  At arraignment, Rolle entered a plea of not guilty.  At Rolle's request, a detention hearing was set for January 20, 2021 before the Court.

Prior to his presentment and arraignment, Rolle was interviewed by a Southern District of New York Pretrial Services Officer.[2]  During the course of that interview, it is the Government's understanding based on communications with SDNY Pretrial Services that Rolle provided, in sum and substance, the following personal information:

- **Citizenship and Passports:**
  - Rolle is not a U.S. citizen, but has a pending adjustment of status petition with U.S. immigration authorities.
  - Rolle was born in the Bahamas.  Rolle denied possessing a Bahamian passport.
  - Rolle is an Irish citizen and has an Irish passport, which was seized at the time of his arrest.
    - When questioned about the circumstances of his Irish citizenship, Rolle indicated that his grandparents were Irish.
  - Apart from the referenced Irish passport, Rolle denied possessing any other passport.

- **Ties to New York:**
  - Since April 2020, Rolle has resided at ███████████████ in Manhattan, New York.
  - Rolle resided at the ██████ residence with his husband █████ along with Rolle's four children—biological triplets and an adopted two-year-old daughter.
    - All four children are now residing in Miami, Florida with Rolle's mother.

---

[2] On January 15, 2021, SDNY Pretrial Services indicated that the final pretrial service report would not be available to the parties until on or about January 19, 2021.  That day, the Government contacted the SDNY Pretrial Services Officer who conducted the January 14, 2021 interview to obtain information regarding the defendant's statements and SDNY Pretrial Services' anticipated recommendation.  The Government sought this information in advance of the final report because of the need to file a written submission in advance of or on January 19, 2021.  The Government outlines Rolle's statements to SDNY Pretrial Services, as relayed to the Government, in sum and substance only as relevant to its detention motion.

- o   Rolle married  in September 2020, and ▮ presently lives in New Jersey.
  - o   Rolle anticipates residing at ▮▮▮▮▮▮▮▮▮▮▮ in Manhattan, New York upon his release.
- **Employment Status:**
  - o   President of Cherub College since 2016.
  - o   President of Cavendish Technologies, which is located at 1 World Trade Center, 75th Floor, in Manhattan, New York, since March 2020.
- **Medical Issues:**
  
- **Mental Health Issues:**
  
- **Drug Use:**
  

## II.   <u>Legal Standard</u>

Pursuant to 18 U.S.C. § 3145(b), "if a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  The standard of review is *de novo*.  *See United States v. Minnici*, 128 F. App's 827, 828 n.1 (2d Cir. 2005) (summary order) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)).  When conducting this review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence.  *United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985).

Under the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight.  18 U.S.C. § 3142(e).  A finding of risk of flight must be supported by a preponderance of the evidence.  *See*, *e.g.*, *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987); *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).  A finding of dangerousness must be supported by clear and convincing evidence.  *See*, *e.g.*, *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir.1995); *Patriarca*, 948 F.2d at 792; *Chimurenga*, 760 F.2d at 405.

The Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant, including the person's "character . . . [and] financial resources"; and (4) the seriousness of the danger posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).  Evidentiary rules do not apply at detention hearings, and the Government is entitled to present evidence by way of proffer, among other means.  *See* 18 U.S.C. § 3142(f)(2); *see also United States v. LaFontaine*, 210 F.3d 125, 130-31 (2d Cir. 2000) (Government entitled to proceed by proffer in detention hearings).  Where a judicial officer concludes after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

## III.  Discussion

For the reasons set forth below, Rolle presents an extreme risk of flight.  Every one of the relevant factors to be considered as to flight risk—the nature and circumstances of the offense, the strength of the evidence, and the history and characteristics of the defendant—counsel strongly in favor of detention.

### A.  The Nature and Circumstances of the Offense and the Strength of the Evidence

As outlined in the Complaint, the investigation of the credit card fraud scheme includes numerous credit card records from the victim Financial Institution, including, among other things, (i) credit card applications, (ii) merchant documentation, including receipts, identification information taken at the time of purchase, and surveillance photographs; (iii) fraud investigation reports; and (iv) credit card purchase data.  Based on a review of this information, Rolle has been linked to at least seven credit cards that have a current outstanding balance in excess of $1.2 million.  In support of certain of these credit card applications, Rolle submitted copies of identification documents belonging to, or purporting to belong to, other individuals, which in certain instances had been altered to include Rolle's photograph.  The Financial Institution records are further corroborated by, among other things, insurance reports and voice recordings for certain items purchased with the fraudulent credit cards, and email search warrant returns for accounts belonging to Rolle that demonstrate his involvement in the fraud scheme.

Specifically relevant to a risk of flight determination, the Complaint outlines evidence that as part of this fraud scheme Rolle has access to and/or the ability to create identification

documents.  (Ex. B ¶ 12.)  Rolle's internet search history between approximately 2019 and 2020, shows that Rolle searched for and/or reviewed, among other things, the following:

- Passports, birth certificates, and driver's license from various countries;
    - Passports searched for between on or about September 20, 2019 to on or about October 7, 2019:
        - "A virgin islands passport"
        - "A republic of Taiwan passport"
        - "A novelty passport for sale new Granada"
        - "A irish passport application"
        - "Jamaican diplomatic passport"
        - "A grenada passport"
    - Birth certificates searched for between on or about September 20, 2019 to on or about October 7, 2019:
        - "Northern Ireland birth certificate"
        - "St. Kitts and Nevis birth certificate"
        - "NY birth certificate"
        - "Bahamas birth certificate"
        - "false birth certificate irish passport"
    - Driver's licenses searched for between on or about August 28, 2019 to on or about October 7, 2019:
        - "Tennessee driver's license"
        - "Russian driver's license"
        - "Delaware driver's license"
        - "United Kingdom driver's license"
- Forged identity cards, including passports; and
    - Visited on or about October 5, 2019:
        - https://eurofakeid.com/order-italy/
        - http://www.bestpassportsonline.com/
        - https://buyfakepassportsandidcards.com/
        - Scannable fake identification card collection
    - Searched for on or about October 5, 2019:
        - "a drivers license laminated with seal"
        - "where in NYC can I get a good fake ID?"

- - o "fake passport Roosevelt avenue"
  - "How To" videos for purchasing and making false identification documents.
    - Videos viewed between on or about March 2018 and October 2019:
      - o "ID Hologram Overlay Security Adhesive"
      - o "Authentic with Seals & Keys ID Hologram Overlay"
      - o "Buy fake and real passport, IDs, driver's license, social security . . ."
      - o "How airport border guards test your passport to see if it's a fake"
      - o "How to make the fake fingerprints (VIRDI)"

(Ex. B ¶ 12(a).)

In addition to the nature of the offense, which outlines a multi-year fraud scheme, and the strength of evidence, which suggests that Rolle is capable of obtaining or creating identity documents to facilitate his flight, Count 2 of the Indictment, aggravated identity theft, in violation of 18 U.S.C. § 1028A, carries a statutorily required term of two years imprisonment.  Here, Rolle, who has no legal status in the United States, has every incentive to flee to avoid imprisonment and any deportation consequences.

### B.  The History and Characteristics of the Defendant

The history and characteristics of the defendant also strongly support detention.  As outlined below, Rolle provides inconsistent, self-serving statements with respect to every category of his background.

#### i.  Rolle has no legal status in the United States.

The Government has conferred with the United States Citizenship and Immigration Services ("USCIS") as recently as January 13, 2021 regarding Rolle's lawful status in the country. Rolle is not a United States citizen or a LPR.  On or about August 12, 2020, Rolle filed an I-485 adjustment of status petition, which, if granted, would grant Rolle permanent residency (the "I-485 Petition").  In connection with his I-485 Petition, on or about August 12, 2020, Rolle also filed an I-765 petition, which, if granted, would authorize Rolle to work in the United States while his I-485 Petition is pending (the "I-765 Petition), and an I-131 petition, which if granted, would authorize Rolle to travel abroad while his I-485 Petition is pending (the "I-131 Petition" and collectively  the "Pending Petitions"). The Government understands that Rolle's Petitions are pending at least in part due to an abeyance request issued by law enforcement in September 2020 to ensure that the criminal investigation into Rolle in the United States, with respect to the criminal charges outlined in the Indictment, would be sufficiently advanced to result in charges before a final immigration determination and potential deportation order was entered.  On January 14, 2021, the Government issued a letter retracting its abeyance request. The Government understands that, although Rolle's Petitions are pending, USCIS has made an initial immigration fraud finding.

UCSIS's fraud finding is supported by, among other things, the multitude of inconsistent statements Rolle has provided to U.S. authorities on various occasions and outlined further below.

**ii.   Rolle is likely in possession of or has the ability to obtain multiple passports.**

To date, Rolle has claimed the following, depending on the circumstances:  (1) Rolle only possesses an Irish passport, which was seized by law enforcement at the time of his arrest in this matter on October 28, 2020; (2) Rolle only possess a Bahamian passport; (3) Rolle is a citizen and/or national of the Bahamas, Ireland, and Grenada; (4) Rolle possesses a Grenada passport, and lost his Bahamian passport; and (5) Rolle has lost or had stolen various Bahamian passports.

Setting aside for a moment the numerous inconsistent statements with respect to the number and types of passports in Rolle's possession, Rolle's most recent claim on January 14, 2021 to SDNY Pretrial Services that he is only in possession of an Irish passport, which was seized at the time of his arrest (the "Irish Passport"), is itself tied to Rolle's chain of frauds.  The U.S. Embassy in Dublin, Ireland has conferred with the Irish passport agency regarding Rolle's Irish Passport.  According to Ireland, the Irish Passport was issued on or about January 10, 2020, after an individual presented a U.S. passport in the name of Kevin Dion Cavendish (the "Cavendish U.S. Passport") and a handwritten Bahamian birth certificate.[3]  The Cavendish U.S. Passport number belongs to a minor child.  As a result, the Cavendish Irish Passport was obtained through fraudulent means—namely, use of a false and/or altered U.S. passport.

The table below outlines the various statements regarding foreign passports that Rolle has provided to U.S. authorities, including SDNY Pretrial Services, between 2019 and 2021.[4]

| Source of Statements | Date of Statements | Statements |
| --- | --- | --- |
| SDNY Pretrial Services Interview | 01.14.2021 | • Rolle is an Irish citizen and only possesses an Irish passport, in the name of "Kevin Cavendish," which was seized at the time of his arrest in Puerto Rico.<br><br>• Rolle denied having a Bahamian passport, despite acknowledging he was born in the Bahamas. |

---

[3] The Irish passport agency provided additional identifiers (*i.e.* passport number, date of birth, issue date, etc.) contained on the Cavendish U.S. Passport that was submitted to Ireland to obtain an Irish passport.  Photographs of a U.S. passport matching all of the Cavendish U.S. Passport identifiers were found in search warrant returns for an email address belonging to the defendant.

[4] Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

| Puerto Rico Initial Appearance 5(c)(3) Hearing | 10.30.2020 | • Rolle is a U.S. citizen and only possesses a Bahamian passport.  (*See* Ex. A 17, 26.) |
|---|---|---|
| I-485 Petition | 08.12.2020 | • Rolle provided a Bahamian passport bearing a specific number, which is valid through March 10, 2021 (the "2021 Bahamian Passport"). |
| I-765 Petition | 08.12.2020 | • Rolle provided the 2021 Bahamian Passport and asserted that he is a citizen of the Bahamas, Ireland, and Grenada. |
| Customs and Border Protection ("CBP") Secondary Stop | 06.04.2020 | • Rolle provided a Bahamas Emergency Travel Document issued in Canada without a U.S.-issued visa.<br><br>• Rolle was in possession of driver's licenses from the Bahamas and Grenada. |
| U.S. Passport Control | 04.27.2020 | • Rolle departed Washington Dulles and traveled to London, England, traveling on a Dominican Republic passport. |
| U.S. non-immigrant visa ("NIV") application | 02.12.2020 | • Rolle provided an Irish passport and claimed to be an honorary consul for Ireland.<br><br>• Rolle listed the 2021 Bahamian Passport as stolen in Istanbul, Turkey. |
| NIV Application | 11.22.2019 | • Rolle provided a Grenada passport. |
| NIV Application | 11.01.2019 | • Rolle provided a Grenada passport.<br><br>• Rolle listed the 2021 Bahamian Passport as stolen in Istanbul, Turkey.<br><br>• Rolle also listed a second Bahamian passport was lost in Budapest, Hungry and a third Bahamian passport was lost in a flood. |

On its own, the fact that Rolle has provided numerous inconsistent statements to U.S. authorities regarding his citizenship status and valid identification documents indicates that he

poses a serious risk of flight.  Yet, added to this fact, it has been determined that the Irish Passport, which Rolle was traveling on at the time of his arrest was fraudulently obtained using a U.S. passport number belonging to another individual.  Additionally, Rolle claimed to SDNY Pretrial Services that the Irish Passport was his *only* passport despite (1) acknowledging at his initial appearance that he has a Bahamian passport and (2) providing the 2021 Bahaman Passport in support of the Pending Petitions.  The combination of these facts all weigh in favor of detention to prevent Rolle from fleeing the United States upon release with any number of identification documents at his disposal or within his ability to create.

### iii.  Rolle uses aliases.

Even Rolle's surname remains in doubt based on the numerous inconsistent statements Rolle has provided to U.S. authorities.  Rolle appears to acknowledge that his birth name is "Kevin Dion Rolle, Jr.," but has since changed his name to "Kevin Cavendish."  Rolle's motivation for changing his surname, however, varies according to the occasion.

The table below outlines the various statements regarding his surname that Rolle has provided to U.S. authorities, including SDNY Pretrial Services, between 2019 and 2021.

| Source of Statements | Date of Statements | Statements |
|---|---|---|
| SDNY Pretrial Services Interview | 01.14.2021 | • "Kevin Cavendish" is Rolle's legal name. Rolle took the "Cavendish" surname from his ex-wife, ███████████.<br><br>• Rolle is an Irish citizen based on his grandparents. |
| Rolle's Post-Arrest Statements | 10.28.2020 | • "Kevin Dion Rolle" is Rolle's birth name.<br><br>• In 2019, Rolle changed his surname to "Cavendish" after (1) he was falsely arrested in New York for stealing a Hertz rental car and (2) he was mistaken, on certain occasions, for a president of a U.S. school who shared the "Rolle" surname that was accused of misappropriating school funds. |
| Pending Petitions | 08.12.2020 | • "Kevin Cavendish" is listed as Rolle's primary name, and "Rolle" is listed as an alias.<br><br>• In I-765 Petition, Rolle listed his father's birth name as "Kevin Cavendish." |

| CBP Secondary Stop | 06.04.2020 | • "Kevin Dion Rolle, Jr." is Rolle's birth name.<br><br>• Rolled uses the "Cavendish" surname for professional reasons. |
|---|---|---|
| CBP Secondary Stop | 03.12.2020 | • Rolle took his wife's surname, "Cavendish," after they married. |
| NIV Application | 11.22.2019 | • "Kevin Cavendish" is listed as Rolle's primary name.  Rolle changed his surname to "Cavendish" because he intended to move to Grenada where "Cavendish" is a more common surname.<br><br>• Rolle listed his father's birth name as "Kevin Dion Rolle." |

In sum, according to Rolle's statements, he either changed his surname (officially or unofficially) to Cavendish at an undefined time in the past because he: (1) derived the surname from his father, "Kevin Cavendish"; (2) adopted the surname when he married "███ Cavendish"; (3) was falsely accused of stealing a rental car and/or inadvertently mistaken for another "Rolle" who misappropriated school funds; (4) used the surname for professional reasons; and/or (5) adopted the surname in anticipation to his move to Grenada.

### iv.   Rolle has no verifiable ties to New York.

Similar to his passport and surname stories, Rolle has no verifiable ties to New York.  Prior to being informed on October 28, 2020, that he was charged with offenses in the Southern District of New York, Rolle did not list any ties to New York City in various recent statements and documents to U.S. authorities.  To the contrary, Rolle has consistently represented that his permanent residence is in the Bahamas.  Yet in his January 14, 2021 SDNY Pretrial Services interview, Rolle represented that since April 2020, he has resided at ███████████ in Manhattan, New York with his husband, ████████, and four children.  Although, according to Rolle, ███ presently resides in New Jersey, Rolle intends to reside at the ███████ address if released.[5]  According to publicly-available real estate databases, Apartment ███ is a 624 sq. ft., one-bedroom apartment, which raises questions regarding Rolle's claim that he resided at this location with his husband and four children.  The ███████████" address, however, is not completely foreign to Rolle.  As outlined in the Complaint, Rolle applied for a credit card from the Financial Institution in the name of "Solomon Johnson," which currently has an outstanding balance of $192,432.51.  (Ex. B ¶ 10(c).)  In search warrant returns for an email address belonging to Rolle, law enforcement recovered a purported Credit Suisse pay stub in the name of "Solomon

---

[5] The property manager for the 2███████████ was unwilling to verify occupancy information for Apartment ███ absent a court-ordered subpoena.

Johnson" at ███████████████████████████ ("Credit Suisse Pay Stub").  According to the Credit Suisse Pay Stub, Solomon Johnson at ██████████ was paid $28,971.63 on July 28, 2017.  Representatives for Credit Suisse have confirmed that the company did not employ anyone matching the identifiers listed in the Credit Suisse Pay Stub recovered in Rolle's email account.

Additionally, Rolle represented to SDNY Pretrial Services that he is the president of Cavendish Technologies, which is located at 1 World Trade Center in Manhattan, New York on the 75th Floor.  A public search of tenants in 1 World Trade Center does not include Cavendish Technologies.[6]

The table below outlines the various statements regarding Rolle's addresses that he has provided to U.S. authorities, including SDNY Pretrial Services, between 2019 and 2021.

| Source of Statements | Date of Statements | Statements |
|---|---|---|
| SDNY Pretrial Services Interview | 01.14.2021 | • Since April 2020, Rolle has resided at █ ██████████ in Manhattan, New York with his husband, ████████, and four children.<br><br>• Rolle intends to reside at this address if released. |
| Puerto Rico Initial Appearance 5(c)(3) Hearing | 10.30.2020 | • When asked by the court if the Bahamian consulate should be notified of his arrest, Rolle stated, "No, thank you, your honor.  I have very little ties to the Bahamas.  New York is where I am based out of now; so is my family.  So that is not necessary."  (Ex. A at 7.)<br><br>• Rolle informed Puerto Rico Pretrial Services that he is a resident of New York, (Ex. A at 11-12), and has worked from home since his ██████ diagnosis in January 2020, (Ex. A at 17).<br><br>• Rolle also indicated to Puerto Rico Pretrial Services that Rolle lived in New York with his wife of two years, █████████, and four children until █████████ |

---

[6] As of June 16, 2020, Cavendish Technologies, Inc. is a registered entity in the New York State Division of Corporations records.  The business address is listed as 1 World Trade Center, Suite 8500.  This address appears to belong to at least one co-working office company that leases virtual and physical office space for various time periods, including as limited as a per-hour basis.

| | | died in a car accident in January 2020. (Ex. A at 12-13.) |
|---|---|---|
| Rolle's Post-Arrest Statements | 10.28.2020 | • Rolle has lived in the Bahamas his entire life with the exception of an eight-month stay in New York City in 2012. |
| I-485 Petition | 08.12.2020 | • Rolle provided an address in the Bahamas as his permanent residence ("2020 Bahamas Address").<br><br>• Rolle provided a mailing address in Miami, Florida as his U.S. mailing address ("2020 U.S. Mailing Address"), which appears to be the address of UPS store. |
| I-765 Petition | 08.12.2020 | • Rolle provided the 2020 U.S. Mailing Address.<br><br>• Rolle provided a separate address in Miami, Florida for his physical U.S. address ("2020 U.S. Physical Address"), which appears to be office space. |
| CBP Secondary Stop | 06.04.2020 | • Rolle provided the 2020 Bahamas Address as his permanent residence. |

Based on the timeline above, it is evident that Rolle's ties to New York became inexplicably stronger following notification that he was charged in this District.

### v. Rolle's family status is unclear.

Rolle's family status is equally opaque as all other categories of his life history. Rolle's inconsistent statements make it impossible to accurately determine if he is single, married (and if so, to whom), a widower and/or divorcee, and/or a father (and if so, to how many children). As outlined below, in Rolle's U.S. immigration filings, he listed himself as "single/never married" with no living children, adopted or biological living anywhere in the world, including any adult sons and daughters. However, upon arrest in Puerto Rico, when presumably having young dependents may be considered a factor favoring release, Rolle suddenly declared himself to be a single, widower, father of four young children—including triplets. (*See* Ex. A at 12-13.) Yet, as outlined below, even this recent story was modified during his January 14, 2021 interview with SDNY Pretrial Services.

The table below outlines the various statements regarding Rolle's family status that he has provided to U.S. authorities, including SDNY Pretrial Services, between 2019 and 2021.

| Source of Statements | Date of Statements | Statements |
|---|---|---|
| SDNY Pretrial Services Interview | 01.14.2021 | <ul><li>Rolle is married to ████ [7] since September 2020.</li><li>Rolle is the biological father of triplets and adopted father of another child.</li><li>Rolle was previously married to ████ ████ from 2012 until 2017 when they divorced. ████ has not been a part of Rolle's life since the divorce.</li></ul> |
| Puerto Rico Initial Appearance 5(c)(3) Hearing | 10.30.2020 | <ul><li>Rolle is a single father of four children who reside with Rolle in New York.  (Ex. A at 12-13.)  Rolle's triplets are four years old, and his fourth child is three years old.  (Ex. A at 12.)</li><li>Rolle is a widower after his wife of two years, ████, died in a car accident in January 2020.  (Ex. A at 12-13.)  Rolle lived with ████ and their children in New York before her death.  (Ex. A at 12-13.)</li></ul> |
| Rolle's Post-Arrest Statements | 10.28.2020 | <ul><li>Rolle is in a legal civil partnership with ████.</li><li>Rolle was previously married to ████ ████ from 2014 to 2019, when their divorce was finalized.  Rolle has had no contact with her since their divorce.</li></ul> |

[7] On January 15, 2021, law enforcement contacted ████ to verify the information provided by Rolle.  ████ stated, in sum and substance, that Rolle and ██ l have known each other since high school; Rolle and ██ are married; Rolle has three children; and ██ and Rolle lived together in New York and New Jersey.  Pen register data for a number belonging to Rolle, however, indicates that Rolle received or called a number belonging to ██ fewer than five times, resulting in less than one minute of communication, and exchanged approximately three text messages between July 30, 2020 and Rolle's arrest on October 28, 2020.

| | | |
|---|---|---|
| | | • During the course of their relationship, Rolle and ▮▮▮▮▮▮▮▮ lived together in the Bahamas.<br><br>• Rolle has four children in Miami, Florida. |
| I-485 Petition | 08.12.2020 | • Rolle is "single / never married."<br><br>• Rolle has no living children, biological and/or adopted, anywhere in the world. |
| CBP Secondary Stop | 06.04.2020 | • Rolle has been married to ▮▮▮▮▮ ▮▮▮▮▮ since approximately March 2020.<br><br>• Rolle provided ▮▮▮▮▮'s date of birth as the same date of birth Rolle listed for ▮▮▮▮ ▮▮▮▮ on his November 1, 2019, November 22, 2019, and February 12, 2020 NIV applications. |
| NIV Applications | 11.22.2019<br>11.01.2019 | • Rolle is married to ▮▮▮▮▮▮▮▮ and has two children. |

Rolle's manufactured attempts to establish himself as the primary caretaker of four children—all of whom he neglected to identify in his I-485 Petition—should be rejected. There is absolutely no credible evidence to establish that Rolle is the primary caretaker of any child.

### vi. Rolle has a documented history of international travel that runs counter to his alleged medical ailments and any asserted fears of contracting COVID-19.

Since his initial appearance on October 30, 2020, Rolle has asserted several medical ailments, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As outlined in the Government's December 8, 2020 status letter to the Court, the Government obtained and preliminary reviewed Rolle's medical records from the Bureau of Prisons ("BOP"), which total 198 pages in length and chronical a number of visits by Rolle to the health services unit at MDC Guaynabo.  (Dkt. 5.)[8]  The medical records indicate that personnel affiliated with MDC Guaynabo's health services unit have evaluated Rolle on a number of occasions, including the day of his arrest, and monitored and updated Rolle's prescription

---

[8] Because the Government anticipates that the thrust of the defendant's bail application will be based on his asserted medical conditions, Rolle's BOP medical records as of December 1, 2020 are attached as Exhibit C.  Due to the sensitive medical information contained in Exhibit C, the Government respectfully requests that it be filed under seal.

medications, which at the time of the Government's December 8, 2020 status letter, included medications for diabetes, high blood pressure, high cholesterol, asthma, and anti-depressants.

The Government does not dispute that Rolle may suffer from at least some of the medical conditions Rolle has asserted. Rather it is the Government's position that Rolle's BOP medical records suggest (1) that these conditions are being closely monitored and managed by BOP as outlined in the Government's December 8, 2020 status letter, and, (2) there is an indication, based on certain notations in Rolle's BOP medical records and Rolle's travel patterns prior to his arrest, that the debilitating nature of his self-asserted medical conditions may be inaccurate or, at the very least, overstated.

Specifically, prior to Rolle's arrest on October 28, 2020 in Puerto Rico, numerous sources of data, including airport surveillance footage, passport travel records, bank records, and pen register data, establish that Rolle had recently traveled weeks abroad. Specifically, on September 5, 2020, Rolle departed Miami, Florida and traveled to Madrid, Spain, traveling on a Grenada passport. Rolle remained in Europe for several weeks, traveling to numerous countries, including, among others, Turkey, Hungry, Germany, and the United Kingdom, before returning the United States on or about October 10, 2020. Earlier in the year, on June 4, 2020, Rolle was interviewed by a CBP agent upon Rolle's arrival to the Dallas / Fort Worth International Airport from Mexico City, Mexico. At that time, Rolle was in possession of approximately $19,800 and traveling on a Bahamas Emergency Travel Document. Rolle told CBP, among other things, that he travels extensively on behalf of the Bahamian government. Prior to that, on or about April 27, 2020, Rolle departed Washington Dulles and traveled to London, England, traveling on a Dominican Republic passport. Finally, on or about March 12, 2020, Rolle arrived to Fort Lauderdale, Florida from Nassau, Bahamas, traveling on a Bahamian passport.[9] In sum, between March 2020 and the time of his arrest in October 2020, despite the self-asserted dire condition of his medical ailments, including the need to work from home since January 2020 because of a ███ diagnosis (Ex. A at 17), and despite the rest of the world avoiding travel because of the COVID-19 pandemic, Rolle appears to have traveled the world with ease on various foreign travel documents.

When reviewing Rolle's BOP medical records in this context, there are certain events that raise questions about the severity of his conditions.



---

[9] With respect to international travel, Rolle has not arrived to or traveled from any airport in the New York region since February 2019. At that time, Rolle indicate to CBP that he lived in the Bahamas and was traveling to New York for a three-day shopping trip.



In sum, the existence of and severity of several of Rolle's self-reported medical ailments, in particular, his ▮▮▮▮▮▮▮ diagnosis and treatment, have yet to be verified by historical medical records.  Rolle's BOP medical records, however, indicate that Rolle's physical health and medications are being closely monitored and managed by BOP, as outlined in the Government's December 8, 2020 status letter.  Moreover, Rolle's travel history in 2020 prior to his arrest cast significant doubts on the debilitating nature or any anticipated COVID-19 concerns that Rolle is likely to assert.  Instead, Rolle's extensive international travel history on various foreign passports is another factor, which weighs strongly in favor of detention.

---

[10] The Government has inquired with defense counsel about any independent verification of Rolle's asserted medical conditions.  To date, no records have been received.

[11] In a related incident prior to his arrest, on June 4, 2020, Rolle's secondary interview with CBP was terminated when Rolle complained of ▮▮▮▮▮ and requested medical attention.  When EMS staff arrived, Rolle refused medical transportation to a local hospital for further evaluation and/or treatment.

IV.   **Conclusion**

As set forth above, the defendant is an extreme risk of flight.  The Government respectfully submits that there are no conditions of bail that would assure the defendant's presence in court proceedings in this case.  Accordingly, any application for bail should be denied.[12]

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by:   ___/s/ *Danielle M. Kudla / Emily A. Johnson*
Danielle M. Kudla
Emily A. Johnson
Assistant United States Attorneys
(212) 637-2304 / 2409

---

[12] On January 15, 2021, SDNY Pretrial Services indicated that it would likely recommend Rolle's release with specific conditions, including a curfew and GPS monitoring.  The Government provided SDNY Pretrial Services with certain information contained in this letter motion, including the fact that Rolle has made numerous inconsistent statements regarding, among other things, his passports, citizenship, and ties to New York.  SDNY Pretrial Services indicated that it only considers the defendant's statements and any information that can be verified based on the defendant's statements.  In this case, Rolle indicated that he could not remember the phone numbers of anyone who could verify his statements.  Therefore, any recommendation for release is based *solely* on Rolle's non-verified statements to SDNY Pretrial Services.