USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Kevin Rolle,

Defendant.

20-cr-594 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

The Court today received the attached letter from Mr. Rolle dated February 15, 2021. Because Mr. Rolle is represented, all communications with the Court on his behalf must be through counsel. Counsel should inform the Court if an application is being made on Mr. Rolle's behalf.

SO ORDERED.

Dated: February 25, 2021
New York, New York

ALISON J. NATHAN
United States District Judge

**Kevin Dion Rolle Jr.**
**Inmate # 217000368**
**Essex County Correctional Facility**
**354 Doremus Avenue**
**Newark, NJ 07105**




**The Honorable Alison J. Nathan**
United States District Judge
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 120
New York, NY 10007-1312

15th February, 2021

**Re: Emergency Motion for Temporary Pre-Trial Release Under 18 U.S.C. §3142 (i)**
**United States of America vs. Kevin Dion Rolle Jr. (Case # 20-CR-594)**

Dear Judge Nathan,

Please find enclosed an Emergency Motion for Temporary Pre-Trial Release under 18 U.S.C. §3142 (i) for which I am requesting an emergency ruling unless the court finds it necessary to hold a hearing.

If the court is inclined to hold a hearing, I am respectfully requesting one be scheduled as soon as possible.

Respectfully yours,

Kevin Dion Rolle Jr.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA )
Plaintiff )
)
V. )
)
Kevin Dion Rolle Jr. )
Defendant )

**The Honorable Alison J. Nathan**

Case No. 20-CR-594

## Emergency Motion for Temporary Pre-Trial Release under 18 U.S.C. §3142(i)

This motion for temporary pre-trial release under 18 U.S.C. §3142 (i) is being submitted as it is necessary for the preparation of my defense and due to my numerous health conditions which presents a compelling reason under the relevant statute to be granted.

The current COVID-19 pandemic is undoubtedly unprecedented and extraordinary in modern times in this nation and in fact around the world. For reasons that require no elaboration, this pandemic presents to the free society a clear and present danger. The crowded nature of jails, prisons and detention centers presents an outsized risk that should the COVID-19 contagion gain entry, even with considerable protocols in place, it will spread. As I can imagine the court would recognize, the realities of life as an inmate, present especially added challenges for a heightened-risk inmate, such as myself, who contracts the virus to care for himself. In the past few months, in light of the aforementioned, numerous courts including this one have ordered the temporary release of inmates held in pre-trial or pre-sentencing custody, and in more limited instances, the compassionate release of high risk inmates serving federal sentences.

Pursuant to 18 U.S.C. § 3142(f) (1) (c), the court is required to assess any risk of danger to the community or risk of flight in proceedings such as this one. As the Government has only prior objected to release on the basis of risk of flight, this motion only covers that basis.





**(i) Preparation of Defense:**

Due to the current pandemic, many prisons have limited in-person visits in an attempt to control virus transmission. This restriction is currently in place at the Essex County Correctional Facility where I am currently housed. All visits, including legal visits are suspended indefinitely. The only method of communication between counsel and defendants now involve the use of a telephone in the housing unit, open to the hearing of all other inmates and staff. Telephone calls are restricted to 30 minute intervals in an attempt to accommodate the facility's 4,000+ inmate population. The inability to consult privately with counsel impedes preparation for trial. If I were released from custody, I would avoid this delay because I would be able to confer privately with counsel so that when trial could proceed, we could move forward quickly to resolution of this case. The hazards of this pandemic are immediate and dire, and still the rights of criminal defendants who are subject to the weight of federal power are always a special concern to the judiciary. The right to consult with legal counsel about being released on bond, entering a plea, negotiation and accepting a plea agreement, going to trial, testifying at trial, locating trial witnesses, and other decisions confronting the detained suspect, whose innocence is presumed, is a right inextricably linked to the legitimacy of the American criminal justice system. Several other courts in this District have in the past faced defendants situated similarly to myself and concluded that the unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic has become apparent. I therefore submit that the extraordinary burdens imposed by the coronavirus pandemic, in conjunction with my right as a criminal defendant to prepare for my defense constitute a compelling reason that permits this court to order my temporary release pursuant to 18 U.S.C. § 3142 (i).

**(ii) Health Conditions:**

The Centers for Disease Control (CDC) has identified persons with certain comorbidities and underlying health conditions as facing a higher risk for severe illness from COVID-19. As the court is aware, I have received treatment for Stage II Stomach Cancer in January through September 2020. Additional ailments that I face are Asthma, Pulmonary Hypertension, High Cholesterol, Heart Disease, Diabetes, and Anemia. Due to the conditions of my incarceration at the Essex County Correctional Facility, I am at an extremely high risk of contracting COVID-19 and I face much more dangerous complications than most persons should I contract the disease, which could prove fatal. It cannot be disputed that my medical conditions render me particularly





vulnerable to developing serious symptoms of the virus. The CDC has issued guidance that individuals with conditions such as asthma, heart disease, certain cancers etc… face a substantially higher risk of contracting COVID-19 and potentially more severe consequences, including death. Additionally, during my incarceration I have been hospitalized due to complications from heart disease.

**(iii) Risk of Non-Appearance at Court (Flight Risk):**

A fundamental basis to this motion is the significant risk that COVID-19 presents me in a custodial environment. The free world is also faced with the effects of the COVID-19 virus. It is undeniable that with my health conditions, exposure to COVID-19 could prove to be fatal. Further travel during this time will create a significant risk of exposure, which in itself serves as further deterrence to fleeing the jurisdiction. I propose the following conditions to mitigate any perceived risk of flight:

1. $25,000 Cash Deposited with the Clerk of the Court
2. $500,000 Bond Co-Signed by 8 Financially Responsible Persons
3. Spouse Serving as a 3rd Party Custodian
4. 24 –Hour Home Incarceration with monitoring by Pre-Trial Services
5. Surrender of all Passports and Travel Documents and not obtain any new Passports or Travel Documents
6. Outpatient Drug Treatment Program as recommended by Pre-Trial Services

I also invite the court to create, combine and fashion as it sees fit any additional conditions to mitigate any perceived risk of flight. Although not required, I also invite the court to consider the collateral civil consequences absconding would result in. Violating the terms of release would have significant and devastating impact on me as an individual, my family and my career. As a sitting college president, I would be destroying my hopes for any further career by absconding. Additionally, I am a business owner in this district. My attachments to the United States can also further be proved by my application to United States Citizenship and Immigration Services (USCIS) for permanent residency, which as of the date of this motion, is still pending. Remaining in the United States and defending against this charge is the only avenue I have to avoid adverse immigration consequences. Fleeing would only serve the opposite of my goals. Upon becoming aware of a federal investigation, I also contacted an attorney seeking representation in this matter.





I also obtained a retainer agreement. This clearly shows my interest in cooperating with law enforcement and wanting to see this matter resolved. A person who is a genuine flight risk does not seek out legal representation when they become aware of a pending federal investigation. The correspondence also shows that I contacted the attorney while I was outside of the United States, and still returned to the United States on October 06th, 2020 knowing that I was under a federal investigation. The Government's objection to my release on the grounds of flight risk is therefore moot.

The threat to my life is real and imminent. My submission is not generalized or speculative. There can be no dispute that the COVID-19 death rate goes up the sicker a person is. This risk is further heightened as there are confirmed COVID-19 cases at the Essex County Correctional Facility, and in the last 30 days, some inmates have died from the virus. Despite any policies the facility has implemented, these policies are far from ideal, and even in an ideal scenario does not reflect the reality. Self-protection is one of the rights afforded by the American Constitution. In filing this motion, I am attempting to protect my right to life.

My reasoning in this motion is clearly compelling and meets the legal standard courts have upheld. Although there is a risk that any criminal defendant will abscond, the court is required to consider if the risk is great and if it is manageable. The risk in this case is minimal, certainly not monumental, and is easily manageable. This court along with others has granted release to legal and illegal aliens in the past who have faced much more serious charges than I face. For even the most serious charges, courts have fashioned suitable conditions for pre-trial release. *(See USA vs. Pimentel)*

I therefore respectfully request that this Honorable court grant this motion with the conditions proposed which can reasonably assure my reappearance at court.

