# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

             - v. -

KEVIN DION ROLLE, Jr.,
   a/k/a "Kevin Cavendish,"
   a/k/a "Benson James Howard,"
   a/k/a "Solomon Johnson,"
   a/k/a "Christian Alexander Heigl,"
   a/k/a "Dario Pelaez,"
   a/k/a "Romain Gabriel,"

             Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF CHRISTINA FOX**

20 Cr. 594 (AJN)

STATE OF NEW YORK       )
COUNTY OF NEW YORK   : ss.:
SOUTHERN DISTRICT OF NEW YORK )

CHRISTINA FOX, under penalty of perjury, declares:

1. I am a Special Agent with the Federal Bureau of Investigation (the "FBI"). I have been a Special Agent for approximately __10__ years and have taken part/conducted many Money Laundering and drug trafficking investigations. I also took part in the investigation related to KEVIN DION ROLLE, JR.

2. I respectfully make this declaration in connection with the Government's application for a Preliminary Order of Forfeiture as to Substitute Assets, as to the following property:

    a) $1,617.55 in United States currency;
    b) Louis Vuitton carry-on suitcase bag;
    c) Louis Vuitton wallet with various identification cards;
    d) A teal blue/green Samsonite luggage with wheels and black colored Samsonite luggage cover with luggage tag handwritten with the name Kevin Cavendish;
    e) A dark grey and/or silver Apple Watch with brown colored leather band;
    f) A dark grey and/or silver Apple Macbook Pro, Model #A2141, S/N #C02CLCRJMD6M;

   g) A white Apple iPhone;
   h) A grey Apple iPad, Model #A1895, with detachable keyboard;
   i) A silver Apple Macbook Pro laptop, Model #A1707, S/N #C02W45D9HTD6;
   j) Gold/multiple colored stone/jewel encrusted Rolex watch;
   k) A dark grey Apple iPhone; and
   l) A gold/jewel stone encrusted ring,

(a through l collectively, the "Substitute Assets").

   3. From my review of the case file, I am familiar with the facts and circumstances of this forfeiture case. Because this declaration is being submitted for a limited purpose, I have not included in it everything I know about this forfeiture case. Where the contents of documents and the actions, conversations, and statements of others are related herein, they are related in substance and in part.

### **The Indictment**

   4. On or about November 5, 2020, KEVIN DION ROLLE, JR. (the "Defendant"), was charged in a two-count Indictment, 20 Cr. 594 (AJN), wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count One) and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a), (b) and 2 (Count Two).

   5. The Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment, and various specific property.

   6. The Indictment also included a substitute asset provision as to Count One of the Indictment providing notice that if as a result of any act or omission of the Defendant,

forfeitable property: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third-person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States will seek, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), the forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

7. On or about August 5, 2021 the Defendant pled guilty to Count One of the Indictment pursuant to a plea agreement with the Government.

### The Order of Forfeiture

8. On or about August 6, 2021, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $1,504,818.18 (the "Money Judgment") representing proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained, and forfeiting all right, title, and interest in the certain specific property (the "Specific Property") (D.E. 97);

9. To date the entire Money Judgment against the Defendant remains unpaid.[1]

### The Substitute Assets

10. I have conducted an investigation into any assets of the Defendant's other than the Specific Property that constitute proceeds of the offense or that may be available as substitute assets. In order to locate any additional assets of the Defendant, I conducted asset

---

[1] The Specific Property has not been liquidated as a final order of forfeiture has not yet been entered forfeiting all right, title and interest in the Specific Property to the Government, however, the Money Judgment far exceeds the total estimated liquidated value of the Specific Property. In the unlikely event the recovers funds in excess of the Money Judgment the Government would return such funds to the Defendant.

searches utilizing the CLEAR law enforcement database. All asset searches I performed yielded negative results.

11. To date, the only assets of the Defendant's that I have been able to locate are the Substitute Assets.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

Dated: New York, New York
October 27, 2021

*Christina L. Fox*
CHRISTINA FOX
Special Agent
Federal Bureau of Investigation