UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/28/22___

United States of America,

—v—

Kevin Rolle,

                    Defendant.

20-cr-594 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Mr. Rolle on August 5, 2021, pled guilty to one count of wire fraud pursuant to a plea agreement, which included a provision that Mr. Rolle admitted the forfeiture allegations against him. Also on August 5, 2021, the Court signed a consent preliminary order of forfeiture as to three specified items of Mr. Rolle's property to partially satisfy the money judgment against him in the amount of $1,504,818.18. Dkt. No. 97. On November 1, 2021, in advance of Mr. Rolle's sentencing, the Government filed a substitute asset forfeiture motion. Dkt. No. 106. The Government explained that it "has not been able to locate, obtain or collect any assets traceable to the proceeds of the Defendant's offenses, other than the [specific property in the preliminary order]," but that it has located other assets belonging to Mr. Rolle, which it sought to have forfeited, liquidated, and applied to Mr. Rolle's money judgment. *Id.* at 3.

At his November 12, 2021 sentencing, Mr. Rolle objected to the inclusion in the substitute assets motion of a "gold multiple colored stone jewel encrusted Rolex watch," which is listed as item 6(j) in the Government's motion. Sentencing Tr. at 6, Dkt. No. 123. Mr. Rolle argued that the watch was not "purchased with unlawful or illegal funds" and so is not subject to forfeiture. *Id.* The Government responded that because the Government could not find

sufficient assets "traceable to the proceeds of the crime" to satisfy the forfeiture judgment, substitute assets, including the watch that "was found in Mr. Rolle's possession . . . at the time of his arrest," were properly subject to forfeiture. *Id.* The Court granted Mr. Rolle's request to submit briefing on the question. *Id.* at 7. Mr. Rolle submitted his opposition to the substitute asset motion on December 27, 2021. Dkt. No. 129. The Government filed a reply on January 27, 2022. Dkt. No. 135. For the following reasons, the Court GRANTS in full the Government's substitute assets motion.

Asset forfeiture is governed by Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853. Relevant here, § 853 provides that the Court "shall order the forfeiture of any other property of the defendant," if "any property [subject to the initial forfeiture order], as a result of any act or omission of the defendant—

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty."

21 U.S.C. §§ 853(p)(1), (2).

Under this provision, "[w]hether an asset is linked to a defendant's illegal activity is not relevant." *United States v. Weitzman*, 963 F. Supp. 2d 218, 221 (S.D.N.Y. 2013) ("The fact that [the defendant's] additional assets originated from legal sources is, therefore, not a barrier to the forfeiture of those assets."). The Government has represented, substantiated by the sworn declaration of Special Agent Christina Fox, that it has not, after due diligence including a search of databases commonly used by law enforcement, identified any property belonging to Mr. Rolle

2

that would satisfy the outstanding money judgment without requiring the substitution of assets.

Dkt. No. 106, Ex. A.  The Court finds, as have other courts in this district, that such a sworn

representation is sufficient to justify substitution of assets under 21 U.S.C. § 853(p)(1)(A).  *E.g.*,

*United States v. Christie*, 249 F. Supp. 3d 739, 745 (S.D.N.Y. 2017) ("Under Section

853(p)(1)(A), the Government may satisfy its due diligence requirement through an agent's

affidavit explaining the investigation and efforts made to locate the directly forfeitable

property."); *United States v. White*, No. 17 CR. 431 (RMB), 2021 WL 3038670, at *5 (S.D.N.Y.

July 19, 2021).  Moreover, as the Government argues in its reply, the Presentence Investigation

Report filed prior to Mr. Rolle's sentencing contains several examples by which Mr. Rolle

actively sold, transferred, or diminished the value of property initially subject to forfeiture.  PSR,

Dkt. No. 103.  For example, Mr. Rolle purchased a 2012 Bentley for $90,000 using a fraudulent

credit card, PSR ¶ 94, but he then traded that car for another, a 2020 Bentley, Dkt. No. 135 at 2.

Similarly, Mr. Rolle purchased with fraudulent credit cards several pieces of jewelry, which he

then reported as stolen and received $209,500 in insurance proceeds.  PSR ¶ 25.  The Court

therefore finds the requirements of 21 U.S.C. § 853(p)(1) to be readily satisfied as to item 6(j),

the Rolex watch.

Additionally, in a letter dated February 8, 2022, Mr. Rolle requested the return of "all

electronic devices seized from" him during his arrest, all of which are listed in the Government's

substitute assets motion as items 6(e), 6(f), 6(g), 6(h), 6(i), and 6(k).  Dkt. No. 143 at 13.  The

Court finds these items of property to be subject to substitution for the same reasons that subject

item 6(j) to substitution.  The Court therefore denies Mr. Rolle's request to return the electronics

seized from him at his arrest.

Last, Mr. Rolle mentioned at his sentencing, but did not argue in his briefing, that another

individual may have an ownership interest in item 6(j).  Sentencing Tr. at 6.  Mr. Rolle cannot

himself assert a third party's interests in forfeited property.  *Weitzman*, 963 F. Supp. 2d at 221.

Rather, once the substitute forfeiture order is entered, the Government is required to "serve

notice to known interested parties and publish notice of the forfeiture in order to provide third

parties with the opportunity to challenge the Government's claim to the property."  *Id.* (citing 21

U.S.C. § 853(n); Fed. R. Crim P. 32.2(e)(2)(B)).  The third party may then file a petition

asserting a property interest and requesting that the Court conduct an ancillary proceeding.  Fed.

R. Crim. P. 32.2(c).

     For the foregoing reasons, the Court GRANTS the Government's substitute assets

motion.  The Court will enter the Government's proposed preliminary order of forfeiture as to

substitute assets under separate order.  This resolves docket numbers 106 and 129.

     The Clerk of Court is respectfully directed to mail a copy of this Memorandum Opinion

and Order to Mr. Rolle at MDC Brooklyn and note the mailing on the public docket.


     SO ORDERED.


Dated: February 28, 2022
     New York, New York       _____
                                    ALISON J. NATHAN
                           United States District Judge