UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | |
| | 20-cr-594 (AJN) |
| —v— | |
| | MEMORANDUM |
| Kevin Rolle, | OPINION & ORDER |
| Defendant. | |

ALISON J. NATHAN, District Judge:

Defendant Kevin Rolle filed a motion seeking a sentence reduction to time served

pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons that follow, his motion is DENIED.

I.      Background

Mr. Rolle on August 5, 2021, pled guilty to one count of wire fraud.  The Court

sentenced Mr. Rolle on November 12, 2021.  Sentencing Tr., Dkt. No. 123.  In imposing

sentence, the Court emphasized the seriousness of Mr. Rolle's offense, which involved "a series

of outrageous, damaging and extravagant frauds" motivated by "[g]reed" and that caused "[r]eal

harm" to "real victims."  *Id.* at 43.  The Court considered, too, the need for "serious punishment"

to "deter Mr. Rolle from engaging in this kind of conduct."  *Id.* at 43–44.  In calculating Mr.

Rolle's sentence, the Court also considered the "harsh conditions due to the pandemic" as well as

the "conditions at MDC."  *Id.* at 45.  The Court imposed a below-Guidelines sentence of 60

months' imprisonment.  *Id.*; Amended Judgment, Dkt. No. 125.  Mr. Rolle filed a notice of

appeal of his sentence on November 18, 2021.  Dkt. No. 118.

Mr. Rolle is currently incarcerated at MDC Brooklyn, and designated to be transferred to

FCI Hazelton, with an anticipated release date of January 30, 2025.[1]  He submitted an

administrative request to the warden, and Mr. Rolle's request for release was denied on January

19, 2022.  Dkt. No. 138-1, Ex. A.[2]  Mr. Rolle filed the present motion in an undated letter that

the Court received and docketed on January 11, 2022.  Dkt. No. 131.  In a letter dated December

24, 2021, Mr. Rolle requested he be appointed counsel for his motion, a request that the Court

received and denied without prejudice on January 11, 2022.  *Id.*  The Court on January 27, 2022,

denied Mr. Rolle's request for oral argument on his motion.  Dkt. No. 137.  The Government

filed a response on January 30, 2022.  Dkt. No. 138.  The Court also received Mr. Rolle's

confidential BOP medical records, which were filed under seal.  Dkt. No. 139.  On February 16,

2022, the Court received and docketed Mr. Rolle's reply dated February 5, 2022.  Dkt. No. 143.

## II.    Discussion

### A.  The Court lacks jurisdiction to grant Mr. Rolle's motion

Because Mr. Rolle's appeal of his sentence is pending, the Court lacks jurisdiction to

grant his motion.  "The filing of a notice of appeal is an event of jurisdictional significance,"

which "confers jurisdiction on the court of appeals and divests the district court of its control

over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*,

459 U.S. 56, 58 (1982).  The Court therefore "is without authority to 'rule on any motion

affecting an aspect of the case that [is] before the [Court of Appeals].'"  *United States v. Afriyie*,

---

[1] The Court granted Mr. Rolle's request that the Court recommend he be designated to the
Devens Correctional Facility in Massachusetts.  Amended Judgment at 2; Dkt. No. 130.

[2] The parties dispute when Mr. Rolle submitted this request.  The Government submitted to the
Court a handwritten letter from Mr. Rolle dated December 27, 2021.  Dkt. No 138-1, Ex. A.  But
Mr. Rolle insists that he first submitted his request on November 12, 2021, the same day as his
sentencing.  Dkt. No. 131 at 2.  Mr. Rolle later submitted in support of that position a copy of an
email dated December 7, 2021, that replies to an email originally dated November 12, 2021, at
8:04 p.m.  Dkt. No. 143 at 4.  As follows, the Court need not resolve this dispute.

No. 16-CR-377 (PAE), 2017 WL 6375781, at *3 (S.D.N.Y. Dec. 11, 2017) (quoting *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002)). But, under Federal Rule of Civil Procedure 37, the Court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). In fact, the rule's drafters expressly anticipated that § 3582 motions would be a primary use for Rule 37. *United States v. Martin*, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) (citing Fed. R. Crim. P. 37 advisory committee's note (2012)).

Mr. Rolle agrees that his pending appeal divests the Court of jurisdiction to grant his motion, and he requests that the Court issue an indicative ruling under Rule 37. Dkt. No. 143 at 6. The Court next considers whether, on the merits, to deny Mr. Rolle's motion or to issue an indicative ruling that it would grant the motion.

### B. The Court denies Mr. Rolle's motion

Subsection 3582(c) of title 18 provides a limited exception to the rule that "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the First Step Act of 2018, 132 Stat. 5194, 5239, defendants may seek a sentence reduction in court after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN),

2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020).  Whether Mr. Rolle submitted his request to the warden on November 12, 2021, as he contends, or on December 30, 2021, as the Government contends, well over 30 days have passed since he submitted his administrative request to the warden, satisfying the exhaustion requirement.

The Court first considers whether "extraordinary and compelling reasons warrant such a reduction [in sentence] . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  Since the Second Circuit's decision in *Brooker*, courts are no longer bound by the policy statement in U.S.S.G. § 1B1.13 in deciding a defendant's motion under 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Brooker*, 976 F.3d 228, 235–36 (2d Cir. 2020).  The Court therefore looks to § 1B1.13 for guidance in the exercise of its discretion, but is free to consider other factors that might make a defendant's circumstances extraordinary and compelling.

This Court has previously found that the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals.  *See, e.g.*, *United States v. Gross*, 452 F. Supp. 3d 26, 30 (S.D.N.Y. 2020).  Mr. Rolle, who is 27 years old, has several conditions that put him at greater risk of complications from COVID-19, including obesity, hypertension, and asthma.  Dkt. No. 131 at 2.[3]

But several facts counsel against finding extraordinary and compelling circumstances for release.  First, Mr. Rolle is fully vaccinated against COVID-19 and received the Pfizer-BioNTech booster, which is a highly effective means to prevent the most severe effects of COVID-19.  *See United States v. Labarca*, No. 11-CR-12 (RMB), 2022 WL 203166, at *5

---

[3] Mr. Rolle's initial motion also lists diabetes as a complicating condition. Dkt. No. 131 at 2. While Mr. Rolle's BOP medical records show that he is at increased risk of diabetes, and has received medical consultation on that risk, they do not show a present diagnosis of diabetes.

4

(S.D.N.Y. Jan. 24, 2022); *United States v. Mena*, No. 16 CR. 850 (ER), 2021 WL 2562442, at *3

(S.D.N.Y. June 23, 2021); *United States v. Kosic*, No. 18 CR. 30 (PAC), 2021 WL 1026498, at

*2 (S.D.N.Y. Mar. 17, 2021).  That remains true even during the spread of the Omicron variant

of the virus.  *United States v. Batista*, No. 19 CR. 2 (JFK), 2022 WL 443647, at *1 (S.D.N.Y.

Feb. 14, 2022); *see also United States v. Jaber*, No. S1 13 CR 485 (CM), 2022 WL 35434, at *3

(S.D.N.Y. Jan. 4, 2022) ("[R]ecent studies have revealed that Omicron causes a less serious

infection in most people, specifically sparing the lungs, while vaccination still provides excellent

protection against the most severe consequences of even this new variant—death and extended

hospitalization."); *United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3

(S.D.N.Y. Jan. 5, 2022) ("[T]he vaccine is still highly effective at preventing death and serious

injury, even against the Delta and Omicron variants.").

Second, both MDC Brooklyn and FCI Hazelton have implemented measures that contain

substantially the spread of COVID-19.  On January 26, 2022, when the Government submitted

its response, the Bureau of Prisons reported 43 positive cases among MDC Brooklyn's 1,647

inmates and 19 positive cases among FCI Hazelton's 1,535 inmates.  Dkt. No. 138 at 8. Those

numbers since declined to 3 positive cases at MDC Brooklyn and 3 positive cases at FCI

Hazelton on February 17, 2022.  *See COVID-19 Cases*, Federal Bureau of Prison,

https://www.bop.gov/coronavirus/ (accessed Feb. 17, 2022).  And as of March 1, 2022, they have

declined further to just one positive case among inmates at MDC Brooklyn and no positive cases

at FCI Hazelton.  *Id.*

Even if Mr. Rolle presented an extraordinary and compelling reason for release, that is

only the first requirement for a sentence reduction.  *United States v. Acosta*, No. 17-CR-712

(AJN), 2021 WL 2895840, at *2 (S.D.N.Y. July 9, 2021).  Because this Court sentenced Mr.

5

Rolle, it is intimately familiar with how the § 3553(a) factors apply to his case.  The Court concludes that a sentence reduction would be inconsistent with the factors in § 3553(a).

First, the Court considers the nature of Mr. Rolle's offense and the "history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  As the Court stated at sentencing, Mr. Rolle's offense was serious, resulted in substantial losses to his victims, and required repeated and self-interested lies.  Sentencing Tr. at 43.  Second, the Court must consider whether releasing the Defendant would "reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense," and "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A), (B).  Mr. Rolle has served approximately 25 percent of his 60-month sentence.  Granting him release now, just over 3 months after he was sentenced, "would undermine the goals of sentencing" and the need for deterrence both as to Mr. Rolle and to similarly situated offenders.  *United States v. Gotti*, No. 02 CR 743-07 (CM), 2020 WL 7706828, at *4 (S.D.N.Y. Dec. 29, 2020); *United States v. Mateo*, No. 17 CR 305 (NSR), 2021 WL 2480171, at *2 (S.D.N.Y. June 16, 2021) (denying release where defendant had served "less than half of his . . . sentence").

Finally, the Court observes that Mr. Rolle was sentenced during the COVID-19 pandemic, and the Court expressly took into consideration the effects of the pandemic, the conditions of Mr. Rolle's confinement, and his vulnerability when determining his sentence.  Sentencing Tr. at 45.  The Court concluded that even with these factors, continued incarceration was needed "to deter in the face of the potential for recidivism and to protect the public through incapacitation."  *Id.*  That conclusion remains the same today.  *See United States v. Geraci*, No. 18-CR-715 (AJN), 2021 WL 6052123, at *2 (S.D.N.Y. Dec. 21, 2021) (denying a § 3582 motion where the defendant's sentence "already largely account[ed] for the circumstances of the

COVID-19 pandemic").

### III.     Conclusion

For the reasons articulated above, Mr. Rolle's motion for compassionate release is

DENIED.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith, so in forma pauperis status is denied. *See Coppedge v. United*

*States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum Opinion

and Order to Mr. Rolle at MDC Brooklyn and note the mailing on the public docket.


SO ORDERED.

Dated: March 1, 2022
       New York, New York                    _____
                                                        ALISON J. NATHAN
                                                     United States District Judge