USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/25/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KEVIN DION ROLLE, JR.,

                          Defendant.

20 Cr. 594 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Court received the attached letter from Mr. Rolle dated August 7, 2023. Because Mr. Rolle is represented, all communications with the Court on his behalf must be through counsel. *See* ECF No. 161. By **September 1, 2023,** Counsel is directed to inform the Court if an application is being made on Mr. Rolle's behalf.

      SO ORDERED.

Dated: August 25, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE
## <u>Southern</u> DISTRICT OF <u>New York</u>

UNITED STATES OF AMERICA

Case No. <u>20-CR-594 (AT)</u>
(write the number of your criminal case)

v.

<u>Kevin Dion Rolle Jr.</u>
Write your full name here.

MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)

(*Pro Se* Prisoner)

---

### NOTICE

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

☒ Yes

☐ No

If you answered yes, please list the documents in section IV of this form.

Page 1 of 6

I. SENTENCE INFORMATION

Date of sentencing: _November 12th, 2021_

Term of imprisonment imposed: _60 months_

Approximate time served to date: _34 months_

Projected release date: _January 30th, 2025_

Length of Term of Supervised Release: _None_

Have you filed an appeal in your case?

☒ Yes

☐ No

Are you subject to an order of deportation or an ICE detainer?

☒ Yes

☐ No

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons.

---

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Page 2 of 6

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

☒ Yes, I submitted a request for compassionate release to the warden on (date) 7-31-2023.

☐ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

_____

_____

Was your request denied by the Warden?

☐ Yes, my request was denied by the warden on (date): _____.

☐ No. I did not receive a response yet.

### III.    GROUNDS FOR RELEASE

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

### A. Are you 70 years old or older?

☐ Yes.

☒ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Page 3 of 6

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

☐ Yes.

☐ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

☐ Yes.

☐ No.

B. **Do you believe there are other extraordinary and compelling reasons for your release?**

☒ Yes.

☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

☒ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

☒ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

☐ There are other extraordinary and compelling reasons for my release.

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

*See attached motion*

## IV. ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ☒ Yes | ☐ No | ☒ Yes | ☐ No |
| Additional medical information | ☒ Yes | ☐ No | ☒ Yes | ☐ No |
| *Motion* | ☒ Yes | | ☒ Yes | ☐ No |
|  | ☐ Yes | | ☐ Yes | ☐ No |

Page 5 of 6

## V. REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me.

☒ Yes (From Federal Defenders of NY)

☐ No

## VI. MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

August 7th 2023
Date

*[signature]*
Signature

Kevin Dion Rolle Jr.
Name

54230-069
Bureau of Prisons Register #

FDC Miami
Bureau of Prisons Facility

P.O. Box 019120, Miami, FL, 33101
Institution's Address

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

# UNITED STATES DISTRICT COURT
## FOR THE
## Southern DISTRICT OF New York

UNITED STATES OF AMERICA

v.

Case No. 20-CR-594 (AT)
(write the number of your criminal case)

Kevin Dion Rolle Jr.
Write your full name here.

## PROPOSED RELEASE PLAN
In Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)

> **NOTICE**
>
> The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

If you provide information in this document that you believe should not be publicly available, you may request permission from the court to file the document under seal. If the request is granted, the document will be placed in the electronic court files but will not be available to the public.

Do you request that this document be filed under seal?

☒ Yes

☐ No

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

# PROPOSED RELEASE PLAN

To the extent the following information is available to you, please include the information requested below. This information will assist the U.S. Probation and Pretrial Services Office to prepare for your release if your motion is granted.

## A. Housing and Employment

Provide the full address where you intend to reside if you are released from prison:

#7 Lyford Cay Drive, SP-64063, New Providence Nassau, the Bahamas

Provide the name and phone number of the property owner or renter of the address where you will reside if you are released from prison:

Dr. Joan Rolle   242 556 2521

Provide the names (if under the age of 18, please use their initials only), ages, and relationship to you of any other residents living at the above listed address:

(JR)(8), (JR)(8), (JR)(8), (MR)(8) Children
Dr. Joan Rolle  Mother

If you have employment secured, provide the name and address of your employer and describe your job duties:

University of the Bahamas, Assistant Professor

List any additional housing or employment resources available to you:

—

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

**B. Medical needs**

Will you require ongoing medical care if you are released from prison?

☒ Yes

☐ No

Will you have access to health insurance if released?

☒ Yes

☐ No

If yes, provide the name of your insurance company and the last four digits of the policy number. If no, how do you plan to pay for your medical care?

First Health (# of policy unavailable)

If no, are you willing to apply for government medical services (Medicaid/Medicare)?

☐ Yes

☐ No

Do you have copies of your medical records documenting the condition(s) for which you are seeking release?

☒ Yes

☐ No

If yes, please include them with your motion. If no, where are the records located?

BOP Medical Records

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

Are you currently prescribed medication in the facility where you are incarcerated?

☒ Yes

☐ No

If yes, list all prescribed medication, dosage, and frequency:

See attached

Do you require durable medical equipment (e.g., wheelchair, walker, oxygen, prosthetic limbs, hospital bed)?

☐ Yes

☒ No

If yes, list equipment:

Do you require assistance with self-care such as bathing, walking, toileting?

☐ Yes

☒ No

If yes, please list the required assistance and how it will be provided:

Do you require assisted living?

☒ Yes

☐ No

## ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

If yes, please provide address of the anticipated home or facility and the source of funding to pay for it.

_____

_____

Are the people you are proposing to reside with aware of your medical needs?

☒ Yes

☐ No

Do you have other community support that can assist with your medical needs?

☐ Yes

☒ No

Provide their names, ages, and relationship to you. If the person is under the age of 18, please use their initials only:

_____

_____

Will you have transportation to and from your medical appointments?

☒ Yes

☐ No

Describe method of transportation:

Private vehicle
_____

## ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

### SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

August 7th 2023
**Date**

*[Signature]*
**Signature**

Kevin Dion Rolle Jr.
**Name**

54230-069
**Bureau of Prisons Register #**

FDC Miami
**Bureau of Prisons Facility**

P.O. Box 019120, Miami, FL 33101
**Institution's Address**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 20-CR-594 (AT)

United States of America

    Plaintiff

v.

Kevin Dion Rolle, Jr.

    Plaintiff

---------------------------/

<u>MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)</u>

Defendant, petitions this Court for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A).
§ 3582(c)(1)(A) permits a court to "reduce a term of imprisonment" if, after considering factors set forth in 18 U.S.C. § 3553(a), "it finds that... extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, a court may reduce a defendant's sentence under § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

<u>Extraordinary and Compelling Circumstances</u>
On July 6th, 2023, defendant was seen by an optometrist at the FDC Miami and diagnosed with lattice degeneration and myopia. This consultation occured after defendant's numerous requests based on significant vision problems and pains in both eyes that defendant was experiencing.
Lattice Degeneration is a disease of the human eye wherein the peripheral retina becomes atrophic in a lattice pattern and may develop tears, breaks, or holes, which may further progress to retinal detachment. It is an important cause of retinal detachment in young myopic individuals, such as defendant. Currently, the most effective treatment available for lattice degeneration is a barrage laser surgical intervention which is done prophylactically around a hole or tear associated with lattice degeneration in the eye/eyes at risk of developing a retinal detachment. This procedure is currently not available within the Bureau of Prisons. This eye condition continues to progress daily and will significantly impact defendant's ability to self-care while incarcerated. Additionally, without corrective treatment, defendant stands to possibly lose complete vision and sight.

Additionally, defendant's mother Dr. Joan Rolle has been the sole carer and provider for defendant's 4 minor children, ages 5 through 8. Defendant's mother suffers from a debilitating condition, amyotrohphic lateral sclerosis (ALS), commonly known as Lou Gehrig's disease, and was recently diagnosed with renal failure. Very recently, defendant's mother was hospitalized due to her ailments for several days, and only due to the care of random neighbors, was defendant's minor children able to be cared for temporarily.

Defendant contends that for the foregoing reasons, extraordinary and compelling circumstances exist that warrant a sentence reduction to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

## § 3553(a) Factors: Time Served has fulfilled the goals of sentencing

In conjunction with the extraordinary and compelling circumstances preceding, a review of § 3553(a) factors support defendant's sentence reduction. The principle aim of § 3553(a) is for the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing goals. The court considers the nature and circumstances of the offense and the history and charecteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

It has now been almost 3 years since defendant was incarcerated and defendant has made significant strides in both his development as a person and in fulfilling the aim of rehabilitation. At the time defendant was sentenced, it was assumed that defendant would have qualified for and received the one-year reduction pursuant to the First Step Act. However, as the Court did not impose a term of supervision along with defendant's term of imprisonment, defendant has been unable to receive this reduction. Had defendant been eligible to receive the deduction for the First Step Act, defendant would have had only approximately 4 months left to serve on his sentence. However, due to this technicality of law, defendant still has to serve approximately 17 more months on the sentence imposed. Nevertheless, defendant has served the major portion of his sentence. This time served has served as a period of reflection on defendant's past misdeeds and prior poor decision-making. During this time, defendant has come to a more complete appreciation and respect for the law. Defendant has taken responsibilty for his crime and internalized the justification of his imprisonment. This has dramatically served as a deterrent to future criminal activity and also provided defendant with the time needed to mature and better himself. Throughout defendant's incarceration, he has strived to grow and turn his life around while participating in educational and rehabilitative programming. Defendant has also sought to assist other inmates by working as a Suicide Companion as defendant knows very well the ill-effects of mental health and also how that may contribute to criminality and the challenges of incarceral settings.

## Release and Medical Plan

If this Court grants this sentence reduction, defendant will reside with his mother, Dr. Joan Rolle and his 4 children. Defendant retains health insurance that would cover all necessary medical expenses including the procedures required to address defendant's lattice degeneration and myopia diagnosis. Defendant is also entitled to receive benefits payments from the National Insurance Board of the Bahamas, which is similar to SSI in the USA. Finally, when permitted to, defendant intends on working as an Assistant Professor at a university in the Bahamas which has tentatively agreed to hire defendant upon release. Defendant's release plan undoubtedly will avoid the past negative influences that contributed to defendant's criminality.

Under these circumstances, defendant respectfully requests that this Court grant this request for a sentence reduction so that defendant may be able to not only obtain the corrective medical treatment for his lattice degeneration and myopia diagnosis, but also care for his 4 minor children and his ailing mother. Granting this request would not undermine the principles of law and order, nor minimize the seriousness of defendant's offense. Instead, such a ruling would be a reflection of compassion. It also would rest on the recognition that at times there are circumstances where incarceration loses some of its value and costs more to a society, in dignity or money, than it is worth. There is no need to ensure that further incarceration continues.

Respectfully sunbmitted,

Kevin Dion Rolle, Jr.
Defendant
August 7th, 2023

# EYECARE OPTOMETRY EXAMINATION

**PATIENT NAME:** Rolle, Kevin
**REGISTER NUMBER:** 54230-069
**DATE OF BIRTH:** 3/21/94
**AGE:** 29
**SEX:** M
**DATE:** 7/6/23

CC: routine exam
MHx: T2DM x, HTN

**UNAIDED VA**
- O.D. 20/400 1
- O.S. 20/400 1
- O.U. 20/400

**AIDED VA**
- O.D. 20/20 -
- O.S. 20/20 -
- O.U. 20/20 -

**SUBJECTIVE (OVER RX):**
- -3.75 -0.75 x 40
- -4.50 sph x

**DIST. VISION:** 20/20, 20/20

Icare
IOP: O.D. 18 mmHg, O.S. 15 mmHg

PUPILS/IRIS: normal, 1-TAPD
LIDS: normal
CONJUNCTIVA: normal
CORNEA: abnormal — SPK OD
ANTERIOR CHAMBER: normal
LENS: normal
FUNDUS: abnormal — patch of lattice degen s holes OD p.Y D.Y Inf. no DR macc cl ou
DILATED

**MEDICAL DIAGNOSIS:**
- dry eye syndrome
- DM + HTN - no retinopathy
- myopia
- lattice degeneration OD

**TREATMENT AND RECOMMENDATIONS:**
- art. tears prd ou
- specs
- CEK 1y-

GLASSES ORDERED: YES   FAR

| | SPHERE | CYLINDER | AXIS | PRISM | DIRECTION | IN | DEC | OUT |
|---|---|---|---|---|---|---|---|---|
| DISTANCE R | -3.75 | -0.75 | 40 | | | | | |
| DISTANCE L | -4.50 | sph | | | | | | |

PUPILLARY WIDTH DIST: 64

FRAME OR SHAPE: NTC 1   color: black   EYE SIZE: 51   BRIDGE SIZE: 17   TEMPLE LENGTH: 140

JC MIAMI
N.E. 4th STREET
MIAMI, FL 33132
ATTN: MEDICAL RECORDS

Herman De Anna OD
Doctor Signature

Clinical Director Signature

TRULINCS 54230069 - ROLLE, KEVIN DION JR - Unit: MIM-B-A

---

FROM: 54230069
TO: Warden
SUBJECT: ***Request to Staff*** ROLLE, KEVIN, Reg# 54230069, MIM-B-A
DATE: 07/31/2023 05:00:22 PM

To: Warden Serrano
Inmate Work Assignment: None

July 31, 2023

Request for Compassionate Release Under 18 U.S.C. Section 3582(c)(1)(A)

Dear Warden Serrano,

This letter serves as my Request for Compassionate Release under Bureau of Prisons Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. Sections 3582 and 4205(g). For the reasons discussed below, I respectfully submit that the Bureau of Prisons support my request for compassionate release in light of my recent lattice degeneration diagnosis, a debilitating medical condition.

Compassionate Release Regulatory Framework:
Compassion Release is authorized by 18 U.S.C. Section 3582 and is implemented in accordance with 28 C.F.R. Sections 571.60-64 and BOP Program Statement 5050.50. According to 28 C.F.R. Section 751.60, the Bureau is to use the compassionate release mechanisms in cases where "extraordinary or compelling circumstances [exist] which could not reasonably have been foreseen by the Court at the time of sentencing." This request is based on me suffering from a debilitating medical condition, which can also be considered an extraordinary or compelling circumstance.

Lattice Degeneration Diagnosis:
On July 6th, 2023; I was seen by an optometrist who diagnosed me with lattice degeneration and myopia. This consultation occurred after my numerous requests based on significant vision problems and pains in both of my eyes.
Lattice Degeneration is a disease of the human eye wherein the peripheral retina becomes atrophic in a lattice pattern and may develop tears, breaks, or holes, which may further progress to retinal detachment. It is an important cause of retinal detachment in young myopic individuals. Currently, the most effective treatment available for lattice degeneration is a barrage laser surgical intervention which is done prophylactically around a hole or tear associated with lattice degeneration in the eye/eyes at risk of developing a retinal detachment.

Section 3553(a) Factors: Time Served Has Fulfilled the Goals of Sentencing
In conjunction with the extraordinary or compelling circumstances discussion preceding, a review of Section 3553(a) factors) support this compassionate release petition. The principle aim of 3553(a) is for the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing goals. The Court considers these factors:
1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed:
(a.) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(b.) To afford adequate deterrence to criminal conduct;
(c.) To protect the public from further crimes of the defendant; and
(d.) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

It has now been almost 3 years since my arrest, and I have made significant strides in both my development as a person and in fulfilling the aim of rehabilitation. I now have slightly more than a year-and-a-half remaining to serve on my sentence. I have completed already the major portion of the sentence I am required to serve. This time has served as a period of reflection on my past misdeeds and prior poor decision-making. During this time, I have come to a more complete appreciation and respect for the law. I have taken responsibility for my crime and internalized the justification for my imprisonment. This has dramatically served as a deterrent to future criminal activity and also provided me with the time I needed to mature and better myself. Throughout my incarceration, I have strived to grow and turn my life around. I have participated in educational and rehabilitative programming.

Release and Medical Care:
If granted a compassionate release, I will reside with my mother, Dr. Joan Rolle, who lives at #7 Lyford Cay Drive, Nassau, N.P.; The Bahamas. My four (4) minor children will also reside with me at the same residence. I have the financial resources to

TRULINCS 54230069 - ROLLE, KEVIN DION JR - Unit: MIM-B-A

----------------------------------------------------------------------------------------

provide for the life necessities and medical costs for myself, my children, and my mother who suffers from Amyotrophic Lateral Sclerosis (ALS). Despite my incarceration, my health insurance plan remains valid and would cover all procedures required for my lattice degeneration diagnosis. Additionally, I would be entitled to receive benefits payments from my private insurance carrier and the National Insurance Board of the Bahamas for this diagnosis. When permitted, I intend on resuming working in the post-secondary field as an Assistant Professor. My family and I have put substantial thought into re-entry planning. We believe it is crucial to have in place a strong support network to facilitate my post-incarceration success. To this end, by living with my mom, I can avoid the past negative influences that contributed to my criminal activity. I also plan on participating in my community and volunteering with my children's activities in sports and school. I believe that all in all, this will serve as an important facilitator to my continued success and journey along my path to redemption.

When I was sentenced to 60 months imprisonment, I anticipated serving my time and then returning home. However, I am now challenged with a condition that will require specialist treatment and costly surgery to repair. This is unequivocally a factor that could not have been known at the time of sentencing. For these reasons, I respectfully request I be granted a compassionate release as the purpose of my sentence has been fulfilled.

Sincerely yours,

Kevin Dion Rolle Jr.
Register # 54230-069
FDC Miami
July 31st, 2023