UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

KEVIN DION ROLLE, JR.,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _04/19/2024___

20 Cr. 594 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On November 12, 2021, after pleading guilty to wire fraud in violation of 18 U.S.C. § 3143, Defendant, Kevin Dion Rolle, Jr., was sentenced to 60 months' imprisonment. *See* Dkt. Entry 11/12/2021; Am. Judgment at 2, ECF No. 125. He now moves for a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines (the "Guidelines") and for compassionate release pursuant to 18 U.S.C. § 3582. Def. Mot., ECF No. 176. For the reasons stated below, Rolle's motion is DENIED.

## BACKGROUND

I.  Factual Background

Rolle engaged in a "bust out" scheme "whereby the credit card user applies for a credit card and incurs numerous charges with no intention of paying the balance." Supp. Presentence Report ("PSR") ¶ 9, ECF No. 171. Between 2015 and 2020, Rolle's scheme "resulted in an estimated loss amount . . . in excess of $1.2 million." *Id.* "Over the course of many years, not just during his instant legal proceedings, [Rolle] has made inconsistent statements concerning his marital status, citizenship, residency, names/aliases, and more." *Id.* ¶ 19.

At his sentencing hearing, the Honorable Alison J. Nathan initially calculated Rolle's Guidelines offense level as 25 and criminal history category as I. Sentencing Tr. at 10:20–11:3,

ECF No. 123.  However, Judge Nathan applied an upward departure pursuant to U.S.S.G. § 4A1.3, *id.* at 14:11–22, which permits a sentencing court to apply a higher criminal history category if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  *See* U.S.S.G. § 4A1.3(a)(1).

Prior to the instant offense, on March 18, 2014, Rolle was convicted in the Southwark Crown Court, London, United Kingdom, of twenty-one counts of dishonesty, making false representations to make a gain for oneself or another, cause a loss to another, or expose another to risk, and one count of possession or control of an article for use in fraud.  PSR ¶ 42.  According to criminal history records provided by the Probation Department, Rolle "used another individual's credit card to purchase electrical goods, . . . a cab ride[,] . . . [and] food and bar items from a hotel."  *Id*.  He was sentenced to ten months' imprisonment.  *Id*.  This conviction was not counted in Rolle's criminal history because it was a foreign conviction.  U.S.S.G. § 4A1.2(h).  But, Judge Nathan found that Rolle's placement in criminal history category I "underrepresent[ed] the likelihood that [he] will commit other crimes . . . given the similarity of the conduct, [and] pattern of conduct here."  Sentencing Tr. at 14:11–22.  Judge Nathan, therefore, calculated Rolle's Guidelines range as 63 to 78 months based on an offense level of 25 and a criminal history category of II.  *Id.* at 15:1–3.

Judge Nathan found that Rolle had "engaged in a series of outrageous, damaging and extravagant frauds" over the course of five years, fueled by "[g]reed and an apparent sense that he can get away with anything."  *Id.* at 43:9–17.  "Real harm flowed from this conduct, real victims."  *Id.* at 43:18–19.  Judge Nathan stated that although Rolle appeared "compulsive in his need to tell fiction and then live in that fiction," he was rational, and "it's possible that deterrence

will work." *Id.* at 44:2–8.  At the same time, she noted that Rolle was "vulnerable," "appear[ed] to have suffered attacks, incidents of violence and sexual assault," and served time "during the harsh conditions due to the pandemic." *Id.* at 45:3–7.  And, Rolle will be deported when released. *Id.* at 45:16–18.  Taking these factors into consideration, Judge Nathan sentenced Rolle to a below-Guidelines sentence of 60 months of imprisonment. *Id.* at 45:14–16; *see* Am. Judgment.

The Bureau of Prisons currently projects that Rolle will be released from prison on March 8, 2025.  PSR at 1.

II.     Procedural History

On November 28, 2023, the Probation Department indicated that Rolle was eligible for a sentence reduction pursuant to Amendment 821.  PSR at 3.  On January 5, 2024, Rolle moved for a sentence reduction under Amendment 821 and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Def. Mot. at 1.

By letter dated January 26, 2024, the Government opposes Rolle's motion in its entirety. Gov. Opp., ECF No. 178.  As to Amendment 821, it argues that the Section 3553 factors counsel against relief.  *Id.* at 5–7.  As to compassionate release, the Government contends that Rolle has neither exhausted his administrative remedies nor presented "extraordinary and compelling reasons" warranting early release.  *Id.* at 9–11.

## DISCUSSION

I.     Sentence Reduction

    A. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(2), after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce the term of imprisonment of "a defendant who has been

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The United States Sentencing Commission recently revised the Guidelines in what is known as Amendment 821. U.S.S.G. App. C, amend. 821. Part B of Amendment 821 inserts a new § 4C1.1, which provides a two-level offense level reduction for offenders with zero criminal history points who meet certain eligibility criteria. Amendment 821, which is retroactive, went into effect on November 1, 2023. *Id.*

B. Discussion

The Government does not contest that Rolle is eligible for the zero-point offender reduction.[1] *See* Gov. Opp. at 7 & n.1; Def. Reply, ECF No. 180. Rolle's amended Guidelines range, based on an offense level of 23 and a criminal history category of II, is 51 to 63 months. *See* Def. Mot. at 3; Gov. Opp. at 7 n.1.

The Court is not required to order a sentence reduction and may do so only "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(2). These factors include the nature and circumstances of the offense, and the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(1), (a)(2)(A). Although Rolle has zero criminal history points, Judge Nathan applied an upward departure upon finding that criminal history category I "underrepresents the likelihood that [Rolle] will commit other crimes," Sentencing Tr. at 14:11–22, and stated that she would consider it "as part of the 3553(a) factors" even if she did not impose the departure, *id.* at 14:23–25. And, Judge Nathan, who noted that Rolle's conduct

---

[1] Although Judge Nathan departed in assigning Rolle to criminal history category II, Rolle "did not receive any criminal history points from Chapter Four, Part A," which is the relevant Amendment 821 criterion. U.S.S.G. § 4C1.1(a)(1).

caused "real harm," stated that there was a "need to deter in the face of the potential for recidivism and to protect the public through incapacitation." *Id.* at 45:11–13, 18.

Rolle's sentence of 60 months falls within his amended Guidelines range. In light of Judge Nathan's findings at sentencing and the § 3553(a) factors, Rolle has not demonstrated that a further reduction in his sentence is merited.

Accordingly, Rolle's motion for a sentence reduction is DENIED.

II.     Compassionate Release

  A.  Legal Standard

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes the Court to modify a term of imprisonment if it finds that: "(1) extraordinary and compelling reasons warrant such a reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the § 3553(a) factors weigh in favor of a reduction in sentence." *United States v. Saez*, No. 16 Cr. 317, 2024 WL 303847, at *2 (S.D.N.Y. Jan. 26, 2024) (quotation marks omitted). To determine whether "extraordinary and compelling reasons" exist, the applicable policy statement is U.S.S.G. § 1B1.13—which, as relevant here, provides that "incapacitation of the caregiver of the defendant's minor child" fulfills the first requirement. U.S.S.G. § 1B1.13(b)(3)(A).[2] Section 3582 also requires a movant to exhaust administrative remedies by requesting compassionate release from prison authorities. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).

  B.  Discussion

The Government states that Rolle "has not made any request to the BOP for

---

[2] Following the Commission's most recent amendments to the Guidelines, effective November 1, 2023, U.S.S.G. § 1B1.13 applies to defendant-initiated petitions. Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023); *see Saez*, 2024 WL 303847, at *2–3.

compassionate release." Gov. Opp. at 9. Rolle does not claim that he has attempted to exhaust his administrative remedies, nor has he provided facts indicating that such a request would be futile or inadequate. *See* Def. Mem. at 4; *United States v. Zukerman*, 451 F. Supp. 3d 329, 332–34 (S.D.N.Y. 2020) (waiving the exhaustion requirement in light of the defendant's "unique circumstances and the exigency of a rapidly advancing pandemic"). Therefore, the Court must "strictly enforce" the statutory exhaustion requirement. *United States v. Monzon*, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (internal quotation marks and citation omitted). Rolle's motion for compassionate release is, therefore, DENIED.[3]

## CONCLUSION

For the foregoing reasons, Rolle's motion for sentence reduction and compassionate release is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 176.

SO ORDERED.

Dated: April 19, 2024
      New York, New York

ANALISA TORRES
United States District Judge

---

[3] Even if the Court were to consider the merits of Rolle's compassionate-release motion, relief would not be warranted on the record before the Court. In support of Rolle's motion, his mother submitted a letter stating that she suffers from ALS, which affects her mobility and ability to take care of Rolle's four young children. ECF No. 176-1. But, courts "generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver," before concluding that "an extraordinary and compelling reason has been established." *United States v. Lindsay*, No. 13 Cr. 271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (internal quotation marks and citation omitted); *accord United States v. Francisco-Ovalle*, No. 18 Cr. 526, 2022 WL 1094730, at *2 (S.D.N.Y. Apr. 12, 2022). Although the circumstances are unfortunate, Rolle has not established that he is the only available caregiver for his minor children.