USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/2024

**CH SCHOLAR**
LAW FIRM, P.L.L.C

September 17, 2024

**BY ECF and E-MAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   United States v. Kevin Rolle
      20 Cr. 594 (AT)

Dear Judge Torres:

On August 26, 2024, the Court sought to appoint me as counsel to Mr. Kevin Rolle with respect to his compassionate release motion. Subsequently, Mr. Rolle communicated his desire to represent himself with respect to his motion. Mr. Rolle also called Chambers and indicated that he wanted to represent himself. Based on the discussions with Mr. Rolle, the defense respectfully submits this letter to supplement Mr. Rolle's request to proceed pro se.

As an initial matter, the Second Circuit has held that "a defendant has no right to the assistance of counsel in filing a motion for compassionate release or from appealing the denial of such motion." *United States v. Fleming*, 5 F.4th 189 (2d Cir. 2021). 28 U.S.C. 1654 provides "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Based on the foregoing, counsel submits that Mr. Rolle has articulated a waiver of the assistance of counsel.

Out of an abundance of caution, however, counsel requested that Mr. Rolle provide details regarding his education and history based on the standard articulated in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 562 (1975). Mr. Rolle responded in an e-mail that he obtained a doctorate in Education in 2014 and obtained degrees in business administration from Swiss Management Center and Universidad Azteca. Mr. Rolle also wrote that he obtained a Bachelor of Laws from the University of London in 2024. Although Mr. Rolle stated that he suffered from depression in the past, he denied any mental health concerns at the present time.

As the Court wrote in *Faretta*, "[i]t is undeniable that in most criminal prosecutions defendant could better defend with counsel's guidance than by their own unskilled efforts…To force a lawyer on a defendant can only lead him to believe that the law contrives against him…And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'" *Faretta v. California*, 422 U.S. at 834 citing *Illinois v. Allen*, 397 U.S. 337, 350-351, 90 S.Ct. 1057, 1064, 24 L.Ed.2d 353 (1970). As the Court of Appeals does not require counsel for the motion submitted by Mr. Rolle and Mr. Rolle has clearly articulated a waiver, counsel respectfully requests that the Court permit Mr. Rolle to proceed pro se or in the alternative, produce Mr. Rolle in person or remotely to inquire further as to his ability to represent himself.

Very truly yours,

/s/

Calvin H. Scholar

CHS/jb

cc:   United States Attorney for the
      Southern District of New York by ECF and E-mail


Defendant's request to proceed *pro se* is GRANTED.  Counsel is relieved.  The Clerk of Court is respectfully directed to remove Calvin H. Scholar from the docket.

SO ORDERED.

Dated: September 19, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

2